**Willie WEBB, Jr., Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

Oct. 22, 1954.

Rehearing Denied Dec. 10, 1954.

C. F. See, Jr., Louisa, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

CULLEN, Commissioner.

Willie Webb, Jr., was convicted of seducing Reba Fannin under promise of marriage, KRS 436.010, and sentenced to one year's confinement in the penitentiary. On this appeal his principal contention is that the evidence was not sufficient to sustain a conviction.

The appellant maintains that the facts in this case are substantially identical with those in Epperson v. Commonwealth, 311 Ky. 423, 224 S.W.2d 453, in which the Court held that a conviction for seduction cannot be sustained where the woman merely barters away her virtue in trade for a promise of marriage. In the Epperson case the parties had known each other only 24 hours, and the alleged seduction took place the second time they had met. There was no evidence as to a previous period of social association, and no mention of love or affection.

The prosecutrix in the instant case was 17 years of age at the time of the alleged offense, and the defendant was 19 or 20. From their testimony, we receive the impression that neither one is very intelligent.

Either because of low intelligence, or because of nervousness or fright in the courtroom, the girl was unable to give a very clear picture of the nature of her associations with the defendant. From some of her testimony, it would appear that she had never been out with the boy before the night of the alleged seduction, but at other points in the testimony she said she had "gone with him as girl friend and boy friend" for about a month, had met him a number of times after church meetings, and had been in his truck "a whole lot of times". She did not testify as to any acts of affection or expressions of love prior to the occasion on which the intercourse took place. However, the boy, although denying ever having intercourse with the girl, admitted that she went riding with him on one occasion, in his truck, and that they engaged in some "loving and cuddling". He also stated that they were about to engage in intercourse on that occasion, in the yard of a schoolhouse, but were interrupted by the approach of another automobile.

It appears from the testimony of the defendant that he was somewhat of a Lothario, quite proud of his prowess in affairs with the ladies. He stated that he offered to marry Reba some four months after the alleged act of seduction, but the evidence establishes that this offer was ineffectual because in the meantime he had married someone else.

Reba testified firmly and positively that the defendant promised to marry her before the act of intercourse took place, and that she had intercourse with him "on the basis" of the promise of marriage. It is true that her testimony is vague as to what their associations were and what preliminaries were engaged in prior to the main event, but this deficiency appears to have been due to lack of ability on her part to relate intelligently her experiences. From her testimony as a whole, we think the jury was entitled to find that the girl was led astray by the attentions of the defendant, and that she did not merely make a business deal with him to trade her virtue for a promise of marriage. The general picture from the evidence is that she was a somewhat backward girl, capable of being easily influenced, rather than a shrewd, calculating woman capable of attempting to buy a husband with her virtue as the price.

It is our opinion that this case is distinguishable from the Epperson case, and

that the evidence was sufficient to sustain the conviction.

The appellant makes some contention that the instructions were erroneous, in that they did not specifically require the jury to find that the promise of marriage preceded the intercourse. However, we observe that the instructions followed the statute, in requiring the jury to find that the defendant had carnal knowledge of the girl "under promise of marriage," and there was no occasion for the jury to have been misled as to the necessity that the promise precede the intercourse.

The judgment is affirmed.